CITY OF MANITOWOC, Appellant, vs. BOARD OF EDUCATION and another, Respondents.

*February 7—March 4, 1930.*

204

205

206

*C. E. Teitgen* of Manitowoc, for the appellant.

For the respondents there was a brief by *Hougen & Brady* of Manitowoc, and oral argument by *A. L. Hougen.*

ROSENBERRY, C. J.   On behalf of the plaintiff the case is argued here upon the theory that the common council of the city of Manitowoc had sole authority to determine the use to which the Third ward school building should be put, and particularly so in view of the vote of the electors upon a proposed bond issue, the proceeds of which were to be used for constructing two new schools.

By sec. 62.11 (5), Stats., referring to the powers of the common council, it is provided:

"Except as elsewhere in the statutes specifically provided, the council shall have the management and control of the city property, finances, highways," etc.

Sec. 40.53, relating to the powers of the city school boards, provides:

"(1) The school board shall have the powers and be charged with the duties of common school district boards. as far as the same are not otherwise provided for or limited by statute. . . .

"(6) To select and acquire sites and adopt plans for school buildings, but deeds and leases taken shall be in the

name of the city, and the title to all school property shall vest in the city." . . .

Sec. 40.16, relating to common school district boards, provides:

"(1) Subject to the authority vested in the district meeting and to the authority and possession specifically given to other officers, the common school board shall have the possession, care, control and management of the property and affairs of the district."

Considering the provisions relating to the power of the board of education as contrasted with the power of the common council, it is apparent that the authority vested in the board of education removes the care, control, and management of property devoted to school use from the common council to the board of education. The possession, care, control, and management of school property is elsewhere in the statutes specifically provided to be in the board of education. We need not stop to inquire here respecting the relative duties and responsibilities of the common council and board of education with respect to providing school facilities. Here there had been provided in some way and turned over for common school purposes the school building in question. Thereafter the care, management, and control of it was by the law vested in the board of education and removed from the control of the common council.

Schools for vocational education are provided for by ch. 41, Stats., entitled "Special schools." Sec. 41.15 provides:

"(1) In every town, village and city of over five thousand inhabitants there shall be, and in every town, village or city of less than five thousand inhabitants there may be a local board of vocational education, whose duty it shall be to establish, foster and maintain vocational schools. . . .

"(7) The board may purchase machinery, tools and supplies, and purchase or lease suitable grounds or buildings for the use of such schools; rent to others any portion of

such buildings and grounds not presently needed for school purposes; and erect, improve or enlarge buildings for the use of said schools. Existing school buildings and equipment shall be used as far as practicable. All conveyances, leases and contracts shall be in the name of the municipality." . . .

By the use of the words "Existing school buildings and equipment shall be used as far as practicable," the legislature imposed upon some agency the duty and power to comply with the mandate of the statute. The statute does not in terms say what particular agency was charged with that duty, but it must have been assumed by the legislature that it would be that agency which had the possession, care, control, and management of the property which was to be turned over. In the case of cities like Manitowoc that agency was the board of education. There was therefore vested in the board of education of the city of Manitowoc by the provisions of sec. 41.15 (7) the power to make that determination. It made that determination, the board of vocational education concurred in it, and it was not necessary for the matter to be referred to the common council in order to make the transaction effective as between the board of education and the board of vocational education. The attempt of the common council to rescind its approval was without legal effect. Neither ch. 41 nor ch. 40 conferred upon the common council any powers respecting the possession, care, control, and management of any property devoted to school purposes; nor do these chapters or any other provisions of the statutes give to the common council supervisory control over the board of education or the vocational board. No doubt the statute presupposes a certain amount of friendly co-operation between the council and the boards, and it is unfortunate that a controversy of this kind involving the welfare and youth of the city should arise, but having arisen it must be determined in accordance with the law, which

clearly removes the power of the care, control, and management of school property from the common council and vests it in the board of education and vocational board.

No other question is presented by the record and we consider no other.

*By the Court.*—The judgment appealed from is affirmed.